IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| FRANCES SPURLOCK AND JEFFREY SPURLOCK, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:09-CV-00756 |
| DAVID FOX, et al., | ) ) | Judge Nixon |
| Defendants. | ) ) | |

## AFFIDAVIT OF DAVID FOX

David Fox hereby swears and affirms under the penalties of perjury the following:

1. I am over the age of 18 and have direct knowledge of the matters stated herein.

2. I am the current Chair of the Metropolitan Nashville Board of Public Education ("Board").

3. I was a member of the Board in July of 2008 when the Board voted to adopt a new district rezoning plan for Metropolitan Nashville Public Schools.

4. I was present for the hearing on the plaintiffs' motion for a temporary restraining order, which took place in open court on September 1, 2009.

5. At the hearing, I heard plaintiffs' counsel refer to paragraph 13 of the plaintiffs' complaint and argue that paragraph 13 contained statements that I made. I also heard the court state that I had not refuted those statements.

6. Paragraph 13 of plaintiffs' complaint states that "the white School Board chair" stated that "black students are going to fail, so we need to put all the black students together in predominantly black north Nashville and encourage them to have more attentive parents and use the extra school resources (not delivered as evidenced by no textbooks) that will be promised by the defendants." For the record, I have never said that African American students are going to

fail. Nor have I ever said that African American students should be placed into schools in predominantly African American north Nashville.

7. Paragraph 16 of the plaintiffs' complaint states that the "white School Board chair admitted to the Director of Schools, Dr. Pedro Garcia, that the motivation and intent of the rezoning plan was to move black students out of the white neighborhood schools in hopes that the white parents would return their children to the white schools once large numbers of black students were moved out." For the record, I have never made such a statement to Dr. Garcia or anyone else, and I affirmatively state that this was not the motivation or intent of the rezoning plan.

8. Paragraph 21 of the plaintiffs' complaint states that "the chairman of the School Board has claimed more than once that African Americans cannot learn." It also states that the chair of the School Board stated that African American students "are failing so the School Board believes that they should separate and rezone" them to the Pearl-Cohn cluster. For the record, I have never made such a statement, and I affirmatively state that this was not the motivation or intent of the rezoning plan.

FURTHER, AFFIANT SAITH NOT.

_____
David Fox

Sworn to and subscribed to before me, a Notary Public, this 4th day of September 2009.

_____
NOTARY PUBLIC

My Commission Expires: 11/7/2012



THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
Sue B. Cain, #9380, Director of Law

s/Kevin C. Klein
James L. Charles, # 9007
Kevin C. Klein, #22301
Keli J. Oliver, #21023
James W.J. Farrar, #22782
Allison L. Bussell, #23538
Elizabeth A. Sanders, #23873
Assistant Metropolitan Attorneys
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341

**Certificate Of Service**

      I hereby certify that a copy of the foregoing has been sent via the CM/ECF electronic filing system, on this 8th day of September, 2009 to:

Larry D. Woods
Allen N. Woods II
707 18th Avenue South, Ste. 9
P.O. Box 128498
Nashville, TN 37212

                s/Kevin C. Klein
                Kevin C. Klein