IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| FRANCES SPURLOCK AND JEFFREY SPURLOCK, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  3:09-CV-00756 |
| DAVID FOX, *et al.*, | ) ) | Judge Nixon |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

The Court should deny Plaintiffs' motion to compel (Docket No. 69) Defendants to file complete copies of the depositions transcripts Defendants relied upon in their Motion to Dismiss. Rule 32(a)(6) of the Federal Rules of Civil Procedure, on which Plaintiffs rely, only applies to depositions introduced at a trial or hearing; it does not apply to depositions attached to pretrial motions.  Furthermore, fairness does not require the Metropolitan Government to provide copies of the deposition transcripts to Plaintiffs because the transcripts are equally available to Plaintiffs.  Finally, Plaintiffs' motion fails because Plaintiffs do not specify what testimony in these depositions conflicts with the testimony submitted by the Defendants.  For all these reasons, Plaintiffs' motion should be denied.

First, Plaintiffs' reliance on FED. R. CIV. P. 32(a)(6) is misplaced.  In relevant part, Rule 32 states:

> **(a) Using Depositions.**
>
> **(1)** *In General. At a hearing or trial*, all or part of a deposition may be used against a party on these conditions:
>
>> **(A)** the party was present or represented at the taking of the deposition or had reasonable notice of it;

> **(B)** it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> **(C)** the use is allowed by Rule 32(a)(2) through (8).
>
> ✻✻✻
>
> **(6)** *Using Part of a Deposition.* If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.

*Id.* (emphasis added).

By its very terms, Rule 32 applies to the use of deposition transcripts at a "hearing or a trial." FED. R. CIV. P. 32(a)(1). Plaintiffs are attempting to expand Rule 32 to apply to pretrial motions, but they do not cite any caselaw that supports such an expansion. Furthermore, even if FED. R. CIV. P. 32(a)(6) applied to deposition transcripts attached to pretrial motions, Plaintiffs' motion fails because "fairness" does not dictate that Defendants submit complete copies of the transcripts they cited. *See* FED. R. CIV. P. 32(a)(6). Under FED. R. CIV. P. 30(f)(3), deposition transcripts are equally available to all parties. The Defendants incurred the expense of obtaining transcripts of each of the depositions. As Plaintiffs admit in their motion, however, they did not purchase copies of these transcripts.

If Plaintiffs want a transcript, all they have to do is order one. Plaintiffs can then file any other parts of the deposition that they see fit. FED. R. CIV. P. 32(a)(6) ("any party may itself introduce any other parts."). Absent some justification for their refusal to order a transcript, however, the Court should deny Plaintiffs' motion to compel because fairness does not dictate that Defendants subsidize Plaintiffs' prosecution of this meritless case. *See Green v. Williams,* 90 F.R.D. 440, 440 (E.D. Tenn 1981) (refusing to compel the plaintiff to introduce an entire deposition after finding that the defendants were not justified in failing to secure a transcript of the deposition.).

Finally, Plaintiffs' conclusory allegation that "the testimony in the . . . depositions conflicts with and contradicts the arguments of the defendants" is insufficient to justify requiring Defendants to file copies of Plaintiffs' depositions. (Docket No. 68 at 2). Unless Plaintiffs can specifically identify an alleged conflict or contradiction, the Court should not compel the filing of the depositions. *See Frito Lay of Puerto Rico, Inc. v. Canas,* 92 F.R.D 384, 391-92 (D. P.R. 1981) (district court refused to consider entire deposition on a motion for summary judgment when the party could not point to contradictory testimony).

In sum, Plaintiffs' motion to compel should be denied for three reasons. First, FED. R. CIV. P. 32(a)(6), on which Plaintiffs rely, does not apply to motion practice. Furthermore, even if Rule 32(a)(6) did apply to motion practice, fairness does not dictate that Defendants file complete copies of the transcripts they cited. This is because the transcripts are equally available to Plaintiffs under FED. R. CIV. P. 30(f)(3). Finally, Plaintiffs' motion fails because they have not identified what "other" portions of the depositions might conflict with the portions submitted by Defendants. For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to compel.

> THE DEPARTMENT OF LAW OF THE
> METROPOLITAN GOVERNMENT OF
> NASHVILLE AND DAVIDSON COUNTY
> Sue B. Cain, #9380, Director of Law
>
> s/ James W. J. Farrar
> James L. Charles, # 9007
> Kevin C. Klein, #22301
> Keli J. Oliver, #21023
> James W.J. Farrar, #22782
> Allison L. Bussell, #23538
> Elizabeth A. Sanders, #23873
> Assistant Metropolitan Attorneys
> P.O. Box 196300
> Nashville, Tennessee 37219
> (615) 862-6341

## Certificate Of Service

      I hereby certify that a copy of the foregoing has been sent via the CM/ECF electronic filing system, on this 13th day of October, 2009 to:

Larry D. Woods
Allen N. Woods II
707 18th Avenue South, Ste. 9
P.O. Box 128498
Nashville, TN 37212

                                          s/ James W. J. Farrar
                                          James W. J. Farrar