IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FRANCES SPURLOCK, et al.,

        Plaintiffs,                Case No 3:09-CV-00756

v.                                        Judge Nixon

DAVID FOX, et al.,

        Defendants.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO STRIKE EVIDENCE
PRESENTED DURING THE PRELIMINARY INJUCTION HEARING

      Plaintiffs in the above-styled action hereby oppose the defendants' motion of March 22, 2010 for leave to file a reply memorandum in support of their motion to strike dated February 16, 2010, and we move to strike the proposed memorandum attached to defendants' motion. This attempt to file a reply memorandum is without authorization, contrary to agreed-upon procedures, and places or seeks to place plaintiffs at an unfair disadvantage.

      As the Court will recall, after it became clear that no negotiated settlement of this matter was forthcoming, the Court met with counsel for the parties (Mr. Klein, Mr. Woods, and Mr. Lottman), at which time it was agreed to and was ordered that the parties would file simultaneous motions to strike any objectionable evidence, followed in due course by simultaneous responses to these motions. We recall no mention of

further written submissions, except that there was a final deadline of March 16, 2010 for all parties to file any further evidentiary objections or motions to strike. We also recall the Court's saying it would request oral argument after this cycle if needed. These, we understood, were the rules of engagement for this stage of the post-trial briefing process.

Both sides submitted motions to strike on February 16, 2010, followed by responses from both sides on March 2, 2010. Nothing further occurred until March 22, 2010, when plaintiffs were served with the subject motion for leave to file a "reply" memorandum, accompanied by a proposed memorandum that was longer than defendants' initial motion and memorandum on the subject (22 pages versus 19 for their filing of February 16, 2010). The March 22 submission made or re-made most of the arguments in the defendants' motion to strike and perhaps represented the version defendants would like to have filed in the first place. But the defendants had no authority to alter the agreed procedure; or to give themselves an extra 34 days to perfect their motion to strike (February 16 to March 22); or to allow themselves 20 days to reply to plaintiffs' response of March 2, 2010, well beyond what would likely be allowed for such a filing even assuming it was permitted, see Local Rule 7.02(b); or to go six days beyond the final cutoff date of March 16, 2010.

As in their skirting of the pre-hearing report requirements applicable to their expert witnesses, see plaintiffs' motion to strike dated February 16, 2010, the defendants in this instance appear to have acted as though they were not bound by the rules and orders of the Court. Thus plaintiffs request that the motion for leave to file this much-delayed if not wholly unauthorized supplemental memorandum

be denied, and that the proposed reply memorandum be disregarded and stricken.

CONCLUSION

For the above and foregoing reasons, the Defendants' motion should be denied.

Respectfully submitted,
/s/ Larry Woods_____   Michael Lottman
Larry Woods, #2395   P.O. Box 486
 Kingston Springs, TN 37082

Allen Woods, #23103
PO Box 128498
Nashville, TN 37212
(615) 321-1426
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE
I hereby certify that a true and exact copy of the foregoing document was sent electronically by the Middle District Court electronic filing system to James L. Charles, Kevin C. Klein, Keli J. Oliver, James W.J. Farrar, Allison Bussell, and Elizabeth A. Sanders, PO Box 196300, Nashville, Tennessee 37219, on this the 1st day of April, 2010.
/s/ Larry Woods_____