UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANCES SPURLOCK AND ) | |
| JEFFREY SPURLOCK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:09-cv-00756 |
| v. ) | |
| ) | JUDGE SHARP |
| DAVID FOX, *et al.*, ) | MAGISTRATE JUDGE BRYANT |
| ) | |
| Defendants. ) | |

## MEMORANDUM

This matter is before the Court on a Report and Recommendation ("R&R") (Docket Entry No. 224) in which the Magistrate Judge recommends granting in part and denying in part Plaintiffs' motion for leave to file a fourth amended complaint (Docket Entry No. 189). The R&R was issued on December 8, 2011. Plaintiffs and Defendants both filed Objections to the R&R on December 22, 2011. (Docket Entry Nos. 236-37.)

Upon review of an R&R, the Court

> shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire.

M.D. Tenn. L.R. 72.03(b)(3); *see* Fed. R. Civ. P. 72(b)(3). Having conducted this *de novo* review, the Court accepts in part and rejects in part the recommendations of the R&R.

## ANALYSIS

I. **Legal Standard**

After amending its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thacker v. Church Transp. & Logistics Inc.*, 2010 WL 4628025, at *1 (E.D. Tenn. Nov. 5, 2010). A proposed amendment is futile if it would not survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Carrier Corp. v. Piper*, 460 F. Supp. 2d 853, 856 (W.D. Tenn. 2006).

## II.     Summary of the R&R

The R&R recommended granting in part and denying in part Plaintiffs' motion for leave to file a fourth amended complaint ("4AC"). By way of background, the proposed 4AC enumerates nine counts, all arising out of the alleged "adoption and implementation of a rezoning plan for the Metropolitan Nashville public schools that assigned or reassigned students on the basis of race and marked an intentional return to racially isolated and racially segregated schools." (Docket Entry No. 189-1 ¶ 1.) Each count alleges a violation of the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution. According to the 4AC, Plaintiffs will seek certification of a "class consisting of all black and other minority students in the Metropolitan Nashville public school system who have been and are being directly affected by the defendants' adoption and implementation of the student assignment (rezoning) plan." (*Id.* ¶ 12.)

As the R&R acknowledges, the "4AC" is the first instance in which Plaintiffs have broken down their claims into separate numbered counts. (Docket Entry No. 224, at 3 n.2.) The R&R recommended granting Plaintiffs leave to amend to plead the first three counts. Count I alleges that Defendants assigned students to Metro Nashville schools on the basis of race without adequate justification. Count II alleges that Defendants intentionally segregated black and minority students in certain geographical "clusters" (sub-districts) and schools. Count III alleges that Defendants re-assigned black students from racially diverse clusters into the predominantly black Pearl-Cohn cluster to enhance the racial identification of the individual clusters.

The R&R recommended denying Plaintiffs leave to amend to plead the next four counts because Plaintiffs lack standing to bring them. Count IV alleges that Defendants honored the demands of middle-class white parents to reduce the black student population in schools in the Hillwood cluster. Count V alleges that Defendants assigned black students to "enhanced-option" schools, such as the Napier Elementary School in the McGavock cluster, to lower the proportion of black students attending the surrounding regular schools. Count VI alleges that Defendants continue to operate certain enhanced-option and thematic magnet schools to keep black and minority students from attending more racially diverse regular schools. Count VII alleges that Defendants' management of thematic magnet schools in majority-black clusters, including the plans to open new thematic magnetic schools at locations that are unlikely to attract white students, will exacerbate the isolation of black students in majority-black clusters.

The R&R recommended denying Plaintiffs leave to amend to plead the final two counts because they were duplicative of other allowed counts. Count VIII alleges that Defendants operate a dual school system on the basis of race. Count IX alleges that defendants are knowingly depriving black students of an equal educational opportunity.

Neither party objects to the R&R's recommendation that the Court allow Plaintiffs leave to amend to plead Counts I-III. Therefore, the Court will accept that recommendation and grant Plaintiff's motion to that extent.

Plaintiffs object to the recommendation that leave to amend be denied with respect to Counts IV-IX. Defendants, while in agreement with the recommendation that the Court not allow the addition of Counts IV-IX, object to the recommendation that the Court allow paragraphs 74-85 of the 4AC, which purportedly consist of "factual allegations that relate solely to the new claims that the Magistrate Judge would disallow." (Docket Entry No. 236, at 4.) The Court has reviewed these objections *de novo* and explains its conclusions below.

### III. Plaintiffs' Objections

The Court finds that the R&R correctly stated the law of standing as it pertains to claims brought by individuals (Docket Entry No. 224, at 8-9) and associations (*id.* at 9-10). The Court incorporates by reference that discussion from the R&R.

Conducting *de novo* review of that law to the claims of the 4AC, the Court sustains Plaintiff's objection to the exclusion of Count IV. While the count does make a passing reference to the McGavock cluster and none of the named Plaintiffs' children were reassigned to a school in that cluster, the gravamen of Count IV is "[t]he removal of black students from Hillwood cluster schools and their return to the Pearl-Cohn cluster . . . explicitly premised on white parents' demands for reduction in the black student population of schools in the Hillwood area." (Docket Entry No. 189-1 ¶ 102.) The named Plaintiffs' children attended Hillwood cluster schools before the rezoning plan took effect and were reassigned to Pearl-Cohn cluster schools afterward. Therefore, Plaintiffs have successfully claimed a concrete, particularized

4

injury from the alleged reassignment of black students from Hillwood schools to Pearl-Cohn schools to meet white parents' demands for fewer black students in Hillwood schools.

The Court overrules Plaintiffs' objections to the exclusion of Counts V, VI, and VII. The Court agrees with the R&R's analysis that Plaintiffs lack standing to challenge the assignment and operation of enhanced-option and thematic magnet schools in majority-black districts, as none of the Plaintiffs' children have attended such a school. In their objections, Plaintiffs contend that enhanced-option and thematic magnet schools "are just schools with purportedly different or special offerings, rather than separate systems governed by separate agencies or policies." (Docket Entry No. 237, at 11-12.) However, the 4AC includes contrary allegations describing the differences in the operation of enhanced-option and magnet schools. (*See* Docket Entry No. 189, *e.g.*, ¶¶ 76, 84.) Furthermore, Plaintiffs' contention that they have standing to bring these counts because members of the putative class "must have ended up" in enhanced-option and thematic magnet schools is inconsistent with the law. (Docket Entry No. 237, at 10.) The Sixth Circuit has explained that, in "class certification cases, . . . named plaintiffs are certified as class representatives to go forward with claims in which they do have a personal stake, while those in which they do not have such a stake are dismissed without prejudice." *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 928 (6th Cir. 2002) (citing *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982)). Even if Plaintiffs eventually prevail on the issue of class certification, they would still be unable to go forward then with the claims that they lack standing to bring now.

Citing authority from district courts outside the Sixth Circuit, the R&R recommended that the Court deny leave to amend to add Counts VIII and IX because they are duplicative of Count II. The Court has considered the issue *de novo* and sustains Plaintiffs' objections to the

5

exclusion of these counts. Count VIII is a claim of a dual school system made pursuant to the Supreme Court's decision in *Keyes v. School District No. 1*, 413 U.S. 189 (1973), and Count IX alleges deprivation of an equal educational opportunity for black students in the Metro Nashville school district. While these allegations are related to, and possible consequences of, the intentional, race-based reassignment of students alleged in Counts I-IV, the Court finds Counts VIII and IX to be sufficiently distinct to allow Plaintiffs to plead them, in light of Rule 15's directive to grant leave to amend freely where justice requires.

Therefore, in summary, the Court will grant Plaintiffs leave to amend to plead Counts I, II, III, IV, VIII, and IX.[1]

## IV. Defendants' Objections

Because the Court will adopt the R&R's recommendation as to the denial of leave to amend to add Counts V, VI, and VII, Defendants object that the Court should also deny leave to amend to add paragraphs 74-85 of the 4AC. These paragraphs consist of factual allegations pertaining to the operation and demographics of enhanced option, charter, and magnet schools. Defendants argue that these allegations "relate solely to the new claims that the Magistrate Judge would disallow" (Docket Entry No. 236, at 4) and thus should be excluded from the 4AC.

The Court has reviewed the issue *de novo* and overrules Defendants' objection. The factual allegations in these paragraphs are relevant to the surviving claims. These factual

---

[1] Defendants express concern that, rather than merely challenging the rezoning plan, Plaintiffs are attempting to "assert a District-wide challenge to any and all perceived educational inequalities." (Docket Entry No. 236, at 3.) Defendants argue that Plaintiffs do not have standing to make such a broad challenge. Based on the language of the 4AC, the Court finds Defendants' concern to be misplaced. The opening paragraph of the 4AC makes clear that Plaintiffs are challenging alleged legal wrongs arising from the rezoning plan. (*See* Docket Entry No. 189-1 ¶ 1.) Defendants remain free to renew this issue later in the case, should the course of the litigation so warrant.

allegations, if proven true, would tend to show that Defendant's race-neutral reasons for implementing the rezoning plan—*e.g.*, to give black students access to better educational opportunities closer to their homes—were pretextual justifications for the actual motivation of isolating black students in racially homogeneous schools. Therefore, the Court will allow Plaintiffs to include these allegations in the 4AC.

## CONCLUSION

For the reasons stated herein, the Court accepts in part and rejects in part the Report and Recommendation (Docket Entry No. 224). The Court sustains in part and overrules in part Plaintiffs' objections (Docket Entry No. 237). The Court overrules Defendants' objections (Docket Entry No. 236). Plaintiffs' motion for leave to file a fourth amended complaint (Docket Entry No. 189) is granted in part and denied in part. Plaintiffs' proposed Fourth Amended Complaint (Docket Entry No. 189-1), less Counts V, VI, and VII (paragraphs 103-109), shall become the operative pleading in this litigation. Defendants shall file their responsive pleading or dispositive motion by Thursday, January 26, 2012, consistent with the deadlines set forth in the Agreed Amended Case Management Order (Docket Entry No. 234).

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE